UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :
         -against-                 :      **ORDER CLOSING COURTROOM**
                                   :      **AND PROCEEDINGS**
JANE DOE,                          :      **Case Docket No. 22-cr-269(DLI)**
                                   :
                   Defendant.      :
------------------------------------------------------x

**Dora L. Irizarry, United States District Court Judge:**

On October 26, 2022, the government, joined by defendant, filed a motion for leave to close the courtroom during the change of plea hearing to be held in this matter on November 2, 2022, which motion the government, joined by defendant, requested be sealed. *See,* Motion to Seal, Dkt. Entry No. 13, and Sealed Motion for Leave to Seal ("the motion"), Dkt. Entry No. 14 (the actual motion for closure of the courtroom). The Court notes that the United States Department of Justice authorized the United States Attorney of this District to make this motion in accord with its guidelines. *See,* The Motion, Dkt. Entry No.14, at 2; *United States v. Alcantara,* 396 F.3d. 189, 200 n.9 (2d Cir. 2005). For good cause shown in the motion, the Court granted the request to seal the motion.

On October 28, 2022, on the public docket of the above-captioned case, the Court provided notice that a public hearing would be held on November 1, 2022, at 9:30 AM before the undersigned judge in Courtroom 4A South of this Court "on the sealed motion for closure of the courtroom during the guilty plea proceeding scheduled in this case." *See,* Oct. 28, 2022 Electronic Order. Moreover, the Court directed that "[a]ny parties wishing to be heard on the motion must appear promptly at 9:30 AM on November 1st." *Id.* The public hearing also was listed on the Court's public calendar for November 1, 2022, which is available online on the Court's public website at https://www.nyed.uscourts.gov/.

A public hearing was held on November 1, 2022, in open court and on the record at which the government and defense counsel were present.[1] Journalist Mathew Russell Lee of

---

[1] The Court waived the presence of defendant for the hearing given the concerns raised in the motion. Indeed, for many of the same concerns raised in the motion, the Court has sealed other documents filed in this case.

Inner City Press was present at the hearing and was heard in opposition to the motion. It is noted that, after the hearing, a minute entry was made on the public docket memorializing the fact that the hearing was held along with the Court's ruling on the motion that is formalized by this Order.

Upon due consideration of the sealed joint motion by the government and defendant and the arguments made in opposition by Mr. Lee on behalf of the press and public, the Court finds that:

1. There is a substantial probability that holding a change of plea hearing in this matter that is open to the public would prejudice a compelling interest of the government in maintaining the integrity of significant government activities entitled to confidentiality, including an ongoing investigation of serious crimes and public safety, that overrides the public's qualified First Amendment right of access to such proceedings.

2. No reasonable alternatives to closure of the courtroom exist that adequately can protect the compelling interests that would be prejudiced by holding the proceeding identified above in public.

Accordingly, pursuant to *United States v. Alcantara,* 396 F.3d. 189, 200 n.9 (2d Cir. 2005) and *United States v. John Doe*, 63 F.3d 121 (2d Cir. 1995), it is hereby

ORDERED:

1. That the joint motion to close the courtroom during the change of plea hearing to be held in this case, and to seal the transcript of said proceeding along with any other orders or minute entries related to said proceeding is GRANTED; and

2. That, in order to preserve the public's qualified First Amendment right of access to court proceedings and to tailor the closure of the courtroom and sealing of related documents to minimize their impact on the public's qualified First Amendment right of access:

(a) the government shall disclose the transcript as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), 18 U.S.C. § 3500, and/or Rule 16 of the Federal Rules of Criminal Procedure, with advance notice to defendant and upon obtaining authorization from this Court or a court of competent jurisdiction; and

     (b) the government, as well as the defendant, shall move this Court or a court of competent jurisdiction to unseal the transcript of the change of plea proceeding, along with any orders and minute entries entered in connection with said proceeding and to substitute the defendant's true name for "Jane Doe" in the caption, when the prejudice to the parties' interests no longer outweighs the public's qualified right to access.

    3. The parties joint request that this Order be sealed is denied and it shall be posted on the public docket of this case.

SO ORDERED.

Dated: Brooklyn, New York
    November 1, 2022

             _____/s/_____
              DORA L. IRIZARRY
              United States District Judge